UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE PEOPLES,

    Petitioner,

v.

                      CIVIL NO. 2:19-CV-13669
                      HONORABLE SEAN F. COX

NOAH NAGY,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE MOTION TO COMPEL RULE 5 MATERIALS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Jesse Peoples, ("Petitioner"), confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for second-degree murder, Mich. Comp. Laws § 750.317, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b.

For the reasons that follow, the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**I. Background**

Petitioner was originally convicted by a jury in the Wayne County Circuit Court of first-degree premeditated murder, first-degree felony murder, felon in possession of a firearm, and possession of a firearm in the commission of a felony. After his conviction was affirmed by the Michigan Court of Appeals and Michigan Supreme Court on direct and collateral review, petitioner sought habeas relief in the federal court. The district court judge denied habeas relief,

1

but the United States Court of Appeals for the Sixth Circuit reversed in part the district court's decision and remanded the matter to the district court with instructions to conditionally grant habeas relief on petitioner's claim that trial counsel had been ineffective for failing to impeach the two prosecution witnesses. *Peoples v. Lafler*, 734 F.3d 503, 506 (6th Cir. 2013).

After the writ was issued, petitioner was returned to the Wayne County Circuit Court for retrial. In lieu of undergoing a second trial, petitioner pleaded guilty to a reduced charge of second-degree murder and to the firearms charges, in exchange for dismissal of the first-degree murder charges.

Petitioner did not appeal from his conviction nor did he file a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with the Wayne County Circuit Court. Instead, petitioner filed a motion for discovery with the Oakland County Circuit Court pursuant to M.C.R. 6.201 in November 2017, in which he sought the production of materials related to the two prosecution witnesses' guilty pleas. (Pet. at 20–21, ECF No. 1, PageID.27–28; Pet'r's Mot., Ex. 5 to Pet., ECF No. 1-1, PageID.155-63). The trial court denied that motion in a summary order. *People v. Peeples,*[1] No. 01-180362-FC (Oakland Cir. Ct. Nov. 22, 2017)(ECF No. 12-7). The Michigan appellate courts denied petitioner leave to appeal. *People v. Peeples*, No. 343488 (Mich. Ct. App. Oct. 3, 2018); *lv. den.* 503 Mich. 1002, 924 N.W.2d 571 (2019).

Petitioner seeks a writ of habeas corpus on the following grounds: (1) the prosecutor violated *Brady v. Maryland,* 373 U.S. 83 (1963) by withholding evidence that the two prosecution witnesses had expectations of receiving leniency in exchange for their testimony against petitioner, and (2) petitioner is actually innocent of the murder to which he pleaded guilty.

Respondent filed an answer with the Court.

---

[1] For some unexplained reason, petitioner's last name was spelled "Peeples" for this action.

## II. Discussion

The petition is subject to dismissal, because petitioner's claims have yet to be exhausted with the state courts.

A state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *see also Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Respondent argues that petitioner's claims are unexhausted because he did not exhaust them in a procedurally correct manner. This Court agrees.

Petitioner had six months from the time of his sentence on June 13, 2014, to file an application for leave to appeal with the Michigan Court of Appeals. *See* M.C.R. 7.205(G). Petitioner never filed a direct appeal from his conviction and the time to do so has long since expired. Petitioner's only remedy at this point would be to seek post-conviction relief in the state courts.

M.C.R. 6.501 states that unless otherwise specified, a judgment of conviction and sentence entered by the circuit or Recorder's court that is not subject to appellate review under subchapters

7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter, i.e., by the filing of a post-conviction motion for relief from judgment. *See also Kincade v. Stegall*, No. 99-CV-76350-DT, 2001 WL 279751, at *4 (E.D. Mich. Jan. 23, 2001). The 1989 Staff Comment to M.C.R. 6.501 states that subchapter 6.500 "provides the *exclusive* means to challenge a conviction in Michigan courts for a defendant who has had an appeal by right or by leave, who has unsuccessfully sought leave to appeal, or who is unable to file an application for leave to appeal to the Court of Appeals" because the time period for filing such an appeal has elapsed. (emphasis added).

Petitioner's motion for discovery was not a proper method to seek relief from his conviction because his only remedy at this point to challenge his conviction would be to file a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*

Compounding the problem is that petitioner filed his motion for discovery in the Oakland County Circuit Court, and not the Wayne County Circuit Court, where he was convicted. M.C.R. 6.503(A)(1) states that a defendant who seeks post-conviction relief under M.C.R. 6.500, *et. seq* must file a motion with the clerk of the court in which the defendant was convicted and sentenced. *See also Kincade v. Stegall*, 2001 WL 279751, at *4. M.C.R. 6.504(A) states that the motion for relief from judgment shall be presented to the judge to whom the case was assigned at the time of the defendant's conviction, if possible. *See Washington v. Elo*, No. 99–CV–71187-DT, 2000 WL 356353, *5 (E.D. Mich. Feb. 29, 2000). Petitioner did not file his motion in the Wayne County Circuit Court where he was convicted, thus, even if the motion for discovery was construed as a post-conviction motion, it was still not properly filed.

A claim is not exhausted unless the habeas petitioner provides the highest state court with a fair opportunity to pass upon the claim, which in turn requires that the applicant "present his

4

claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)(internal quotation omitted). A habeas petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. *Coleman v. Mitchell,* 244 F.3d 533, 538 (6th Cir. 2001).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003). Petitioner can exhaust his claims by filing a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 with the Wayne County Circuit Court. *See Wagner v. Smith,* 581 F.3d at 419. To the extent that petitioner seeks production of evidence that would establish that the prosecution witnesses testified in exchange for an expectation of leniency, M.C.R. 6.507 provides that with respect to a post-conviction motion for relief from judgment, the parties may "expand the record by including any additional materials [the court] deems relevant to the decision on the merits of the motion. The expanded record may include letters, affidavits, documents, [and] exhibits....". *See also People v. Grissom,* 492 Mich. 296, 330, n. 16, 821 N.W.2d 50, 68 (2012)(Kelly, J., concurring). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims. *See Rhines v. Weber,* 544 U.S. 269 (2005). Petitioner fails to allege cause for failing to properly exhaust his claims; therefore, the Court will dismiss the petition without prejudice rather than hold it in abeyance. *See e.g. Jones v. Rapelje,* No. 2:08-CV-13286,

2009 WL 2143819, at *2 (E.D. Mich. July 13, 2009); *Phillips v. Burt,* No. 2:08-13032, 2009 WL 646651, at *3 (E.D. Mich. Mar. 10, 2009); *Atkins v. Metrish*, No. 06–12420, 2007 WL 2812302, at *3 (E.D. Mich. Sept. 26, 2007).

Although the Court declines to hold the petition in abeyance, there is an equitable remedy available to petitioner. In *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id*. The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

Petitioner promptly filed his petition for a writ of habeas corpus with this Court. Petitioner's claims are not plainly meritless. This Court adopts the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove.*

The petition is dismissed without prejudice. The one-year limitations period is tolled from November 26, 2019, the date petitioner filed his petition, until petitioner returns to federal court.[2] This tolling of the limitations period is contingent upon petitioner complying with the conditions indicated below in Section IV of the opinion.

Petitioner has also filed a motion for respondent to provide him with the Rule 5 materials. The Court is dismissing the petition without prejudice because petitioner failed to properly exhaust

---

[2] Under the prison mailbox rule, this Court assumes that the petition was filed on November 26, 2019, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

his claims. The motion for production of Rule 5 materials is denied because the discovery sought by petitioner would not entitle petitioner to habeas relief at this time. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 719 (E.D. Mich. 2004).

### III. Conclusion

The Court dismisses the petition without prejudice. The Court also denies a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability; jurists of reason would not find it debatable that petitioner's claims are unexhausted. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939

7

(S.D. Ohio 2007). Although jurists of reason would not debate the resolution of petitioner's claims, the issues are not frivolous; an appeal could be taken in good faith. Petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

### IV. ORDER

**IT IS ORDERED that:**

(1) The petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

(2) The one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from November 26, 2019, the date that petitioner filed his habeas application, until the time petitioner returns to federal court to pursue habeas corpus relief, provided that petitioner files a new habeas petition in the federal court within **thirty (30)** days of the completion of his state post-conviction proceedings.

(3) The motion for production of the Rule 5 materials (ECF No. 9) is **DENIED.**

(4) Petitioner is **DENIED** a certificate of appealability.

(5) Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

Dated: September 9, 2020

s/Sean F. Cox
Sean F. Cox
U. S. District Judge