UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE PEOPLES,   Case No. 2:19-CV–13669
                HONORABLE SEAN F. COX

    Petitioner,

v.

NOAH NAGY,

    Respondent.

_____/

**OPINION AND ORDER DENYING THE MOTION TO REOPEN THE CASE (ECF No. 21), DENYING THE MOTIONS TO STRIKE (ECF Nos. 20, 27), AND DENYING WITHOUT PREJUDICE PETITIONER'S OTHER MOTIONS (ECF Nos. 22, 24, 25, 26)**

    Jesse Peoples, ("Petitioner"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for second-degree murder, Mich. Comp. Laws § 750.317, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b. This Court summarily dismissed petitioner's habeas application without prejudice on the ground that petitioner failed to exhaust his claims with the state courts. This Court also declined to hold the petition in abeyance pending petitioner's return to the state courts because petitioner failed to allege cause for failing to exhaust his claims prior to filing his habeas petition. *Peoples v. Nagy*, No. 2:19-CV-13669, 2020 WL 5411339 (E.D. Mich. Sept. 9, 2020).

    Petitioner sent a letter to this Court (ECF No. 18) which was construed as a motion to reinstate the original petition for a writ of habeas corpus. The Court denied the motion to reinstate because the Court did not retain jurisdiction over petitioner's first habeas petition which was

1

dismissed without prejudice based upon petitioner's failure to exhaust his claims with the state courts. (ECF No. 19).

Petitioner has now filed a motion to reopen the case. Petitioner also filed two motions to strike, arguing that the Court should not have ruled on any motion to reinstate the petition because petitioner's post-conviction appeal was pending before the Michigan Supreme Court. Petitioner also filed motions for production of the Rule 5 materials, for an evidentiary hearing, for discovery, and for the appointment of counsel.

As indicated in the previous order, this Court lacks the power to reinstate petitioner's previously filed habeas petition. This Court did not retain jurisdiction over petitioner's first habeas petition which was dismissed without prejudice based upon petitioner's failure to exhaust his claims with the state courts. *See Lefkowitz v. Fair*, 816 F.2d 17, 21 (1st Cir. 1987). Because this Court did not expressly retain jurisdiction over the first petition, the Court denies petitioner's motion to reopen the case and reinstate the original habeas petition to the Court's active docket. *See Wilson v. Warren,* No. 06-CV-15508, 2008 WL 5273633, *1 (E.D. Mich. Dec. 17, 2008). The denial of the motion is without prejudice to petitioner filing a petition for a writ of habeas corpus with the federal district court under a new case number.

Petitioner's motions to strike the prior opinion denying the motion to reinstate are denied. Regardless of whether petitioner's post-conviction appeal was pending in the Michigan Supreme Court when the first motion to reinstate was denied, the Court, then as now, did not have the power to reopen petitioner's case. The fact that he has now exhausted his state court remedies does not change the Court's analysis.

Petitioner's remaining motions are denied without prejudice to him filing his motions with a new habeas petition.

Accordingly, the motion to reopen the habeas petition (ECF No. 21) is **DENIED WITHOUT PREJUDICE** to petitioner filing a petition for a writ of habeas corpus with the federal district court under a new case number. The motions to strike (ECF Nos. 20, 27) are **DENIED.** Petitioner's remaining motions (ECF Nos. 22, 24, 25, and 26) are **DENIED WITHOUT PREJUDICE**.

Dated: February 21, 2023                    s/Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge